1  James R. Hefflin
2  Federal Administrative Law Corp.
   23 Corporate Plaza Drive, Suite 150
3  Newport Beach, California 92660
   (800) 975-6249
4  FAX: (800) 521-1546

FILED
CLERK, U.S. DISTRICT COURT

NOV 1 7 2025

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

5        UNITED STATES DISTRICT COURT
6        CENTRAL DISTRICT OF CALIFORNIA    FEE PAID

7  JAMES R. HEFFLIN,                    CASE NO.

8              Plaintiff,               EDCV25-03081-AH(DTBx)

9  vs.                                  COMPLAINT FOR DECLARATORY
                                        AND INJUNCTIVE RELEIF.
10 UNITED STATES, MERIT SYSTEMS
11 PROTECTION BOARD,

12 SARA SNYDER,
   in her official capacity as,
13 CHIEF ADMINISTRATIVE
14 JUDGE/ATTORNEY EXAMINER,

15 CHRISTOPH RIDDLE,
   in his official capacity as,
16 ADMINISTRATIVE JUDGE/ATTORNEY
17 EXAMINER,

18 AND DOES 1-10,

19         Defendant(s).

20

21                    **COMPLAINT**

22     1. Plaintiff James R. Hefflin, brings this Complaint against defendants the United States

23 Merit Systems Protection Board, (MSPB); Sara Snyder, in her official capacity as Chief

24 Administrative Judge/Attorney Examiner; and Christoph Riddle, in his official capacity as

25 Administrative Judge/Attorney Examiner, alleging as follows:

26                    **INTRODUCTION**

27

28

COMPLAINT. - 1



2. This is a civil action under the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq.; the Declaratory Judgment Act, 28 U.S.C. § 2201; and for injunctive relief to restrict public officers to their lawful authority, against the United States Merit Systems Protection Board, ("MSPB"), Chief Administrative Judge/Excepted Service Attorney Examiner, Sara Snyder, and Administrative Judge/Excepted Service Attorney Examiner Christoph Riddle.

**BACKGROUND**

3. This case arises from the use of the MSPB, Policy on Prohibited Conduct, which was purportedly derived by vague authority from 5 C.F.R. § 1200.5 by Defendant Riddle in excess of that limited authority—

Specifically, Riddle has used said statute with the purported policy on two separate occasions beginning on March 24, 2025, finding that the Plaintiff was in violation of said policy. This finding was made without Notice and Opportunity to Respond, and Deniel of a Requested impartial Hearing in violation in part of the Administrative Procedures Act, (APA) and the constitutional Right to Procedural Due Process. See: *Marshal v Jerrico Inc.*, 446 U.S. 238 (1980); and again on September 30, 2025 where Defendant has alleged that based on the previous finding on March 24, 2025 the Plaintiff was found in violation of said statute again on this date, and proposed the removal of Plaintiff as representative of Pierce in the pending MSPB appeal styled as *Pierce v U.S. Office of Personnel Management,* Docket# SF-0841-24-0659-I-1. The first alleged violation instance was stacked onto the current alleged violation. The Plaintiff categorically denies any purported statute/policy violations. There is not one case of comparison of such an instance occurring before the MSPB as the instant complaint.

Said policy states as follows:

The U.S. Merit Systems Protection Board (MSPB or the Board) is committed to promoting a safe and productive work environment for its personnel and the people it serves so that it may carry

COMPLAINT. - 2

out its mission to "Protect the Merit System Principles and promote an effective Federal workforce free of Prohibited Personnel Practices." While parties to an appeal and other MSPB stakeholders may disagree strongly with each other and/or MSPB personnel during the appeal process or through interactions regarding MSPB's jurisdiction and processes, no individual is permitted to abuse the Board's adjudicatory process or personnel.

Unacceptable conduct includes:

1. Physically or verbally assaulting parties, witnesses, or Board personnel;
2. Harming or threatening harm (in person, over the telephone, by mail, by fax, or in electronic communications) to parties, witnesses, Board personnel or Board offices;
3. Engaging in harassing, abusive, disruptive, or contumacious conduct, including but not limited to the use of profanity or excessively persistent telephone, email, fax, or in-person communications, that impedes Board personnel from performing their duties;
4. Using disparaging language based on race, color, religion, sex, national origin, age, sexual orientation, disability, marital status, and/or political affiliation;
5. Recording conversations with Board personnel without the Board's consent; and
6. Contacting or attempting to contact Board personnel at their personal addresses, telephone numbers, or emails, or through social media.

Engaging in such prohibited conduct may result in the Board taking steps to protect its personnel and resources such as banning the offending individual from entering the Board's offices, ceasing in-person, electronic or telephonic communications with the individual, and/or barring the individual from filing pleadings. In addition, the Board may impose sanctions as set forth in 5 C.F.R. § 1201.43, or, as a last resort, terminate an appeal with prejudice. The Board may also report such prohibited conduct to Federal law enforcement for appropriate action.

The Board will provide appropriate warnings to an offending individual and any representative, allow a response to the actual or proposed sanction when feasible, and document the reasons for any resulting sanction in the appeal record for pending matters and/or in separate written communications to the offending individual. In the event the Board imposes any limits on an individual as a result of prohibited conduct, the Board will provide information regarding whether the individual may request permission to file pleadings and/or communicate with MSPB in any pending or future case, and the method by which the individual may request such permission.

4. Defendant Riddle has derived his purported authority from said statute and policy to use against Plaintiff in the pending MSPB appeal. Said statute and policy in effect purports to grant Defendant Riddle carte blanche to investigate and pursue civil and criminal remedies in connection with anything he stumbles across while investigating, no matter how remote from the specific matter identified as the subject of said statute and policy.

COMPLAINT. - 3

5. As a result of the Ultra Vires use of said statute and policy, Defendant Riddles' investigation of Plaintiff has extended far beyond his authority as an Administrative Judge/Attorney Examiner. Between the dates of January 2025-March 2025 Defendant Riddle sought to investigate and reached conclusions concerning conversations between the Plaintiff and the representative of record Paula Thompson for the U.S. Office of Personnel Management, the respondent in said MSPB appeal. Said conversations occurred via telephone and email which Defendant Riddle was not a party to. Based in part on said conversations findings as defined supra were made against the Plaintiff by Defendant Riddle.

6. The actions of Defendant MSPB in issuing said statute/policy, the failure of Defendant Synder to properly implement said policy, and Defendant Riddles actions pursuant to the purported authority the statute/policy granted him, were arbitrary, capricious, violative of 28 USC 1983 the Plaintiffs right to free speech, procedural due process, and not in accordance with the law under 5 U.S.C. § 706. By said actions of Defendant Riddle he seeks to remove the Plaintiff as the representative for Pierce causing her financial harm and depriving her of her selection of a representative of her choice pursuant to the Administrative Procedure Act, (APA). Further said action interferes with the Plaintiffs right to contract, harms his reputation, and deprives him of future compensation in said MSPB appeal, and can affect future business with the sustaining of false and misleading allegations against him without Due Process being afforded to him prior to being excluded as Pierces representative. By this action, the Plaintiff asks this Court to hold those actions Ultra Vires and set them aside.

## JURISDICTION AND VENUE

7. This is an action seeking relief under the APA, 5 U.S.C. §§ 701 et seq., and the Declaratory Judgment Act, 28 U.S.C. § 2201. Because this action arises under the laws of the

COMPLAINT. - 4

United States, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because this is an action against an agency and officers of the United States, and a substantial part of the events giving rise to the claims alleged herein occurred in this district.

9. The causes of action alleged herein arise from factual allegations occurring in this judicial district.

## PARTIES

**A. Plaintiff:**

10. Plaintiff James Hefflin, (hereinafter, "Plaintiff") is an individual, at all times mentioned herein, with his primary office located in Newport Beach, Orange County, State of California. And a working residence in Riverside County, California.

**B. Third Party Standing:**

11. Karla Pierce, (hereinafter, "Pierce") is a citizen and resident of Kern, County, California, and was at all times affected by the allegations in this complaint, and the actions taken and pending against the plaintiff who is the representative of record for Pierce in the administrative law matter at issue herein. See, *Singleton v. Wulff* (1976) 428 U.S. 106 [96 S.Ct. 2868, 49 L.Ed.2d 826] for third party standing authority.

**C. Defendants:**

12. The Defendant, United States, Merit Systems Protection Board, (MSPB), is a quasi-judicial independent agency in the executive branch charged with protecting federal employees against improper employment-related actions for which Defendants Sara Snyder, and Christoph Riddle are employed by (MSPB) as Administrative Judges/Attorney Examiners. MSPB is responsible for the training and supervision of Defendants Snyder, and Riddle. MSPB has

COMPLAINT. - 5

established or delegated to Defendant Snyder as Chief Administrative Judge/Attorney Examiner the responsibility for establishing and implementing policies, practices, procedures, and customs used in the adjudication of administrative appeals.

13. Defendant Sara Snyder is the current Chief Administrative Judge/Attorney Examiner of the United States Merit Systems Protection Board, Western Regional Office, Oakland, California. At all times relevant to the facts alleged herein, Mrs. Snyder served as the Chief Administrative Judge/Attorney Examiner. Mrs. Snyder is sued in her official capacity.

14. Defendant Christoph Riddle is a current Administrative Judge/Attorney Examiner of the United States Merit Systems Protection Board, Western Regional Office, Oakland, California. At all times relevant to the facts alleged herein, Mr. Riddle served as a Administrative Judge/Attorney Examiner. Mr. Riddle is sued in his official capacity.

15. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrence herein alleged, and that Plaintiffs damages as herein alleged were proximately caused by their conduct.

16. Each defendant, including DOES 1 through 10, was acting within the course and scope of their employment and/or for their own purposes and were acting as the agents of each such other defendant with the full knowledge, consent, and ratification of every other defendant.

## COUNT ONE
### (Ultra Vires use of Statute and Policy Against all Defendants)

17. Plaintiff re-alleges the allegations set forth in paragraphs 1-16 above as if fully set forth herein.

18. This action challenges in part the promulgation and implementation of 5 C.F.R. § 1200.5 Conduct Policy by the MSPB. 5 C.F.R. § 1200.5 states:

COMPLAINT. - 6

The Board may issue a policy governing the conduct of the parties for all appeals before the Board and of parties and any other individuals in communications with the Board. Such policy may include rules regarding prohibited conduct and vexatious filing by a party, witness, representative, or other individual, as well as potential sanctions or other consequences for violations of the policy. Any policy established pursuant to this regulation will be made publicly available via the Board's website (www.mspb.gov).

19. The statute and the resulting Conduct policy have no procedural due process provisions. Said statute and policy are thus arbitrary and capricious, an abuse of discretion, and otherwise not in accordance with law. It must be set aside under the APA. The issuance of the Conduct Policy and use against the Plaintiff by agents of the MSPB constitutes a final agency action that is reviewable under the APA.

## COUNT TWO
### (Conduct Beyond Jurisdiction, Ultra Vires Conduct Against Snyder and Riddle)

20. Plaintiff re-alleges the allegations set forth in paragraphs 1-19 above as if fully set forth herein.

21. This action challenges the conduct and the failure of Defendant Chief Administrative Judge, Sara Snyder, who failed to properly supervise Defendant Riddle who acted beyond his jurisdiction under said statute and conduct policy. Said actions are reviewable under the Declaratory Judgment Act and under the long-recognized authority of the federal courts to grant equitable relief to prevent injurious acts by public officers.

22. For the same reasons, Defendant Riddle should be enjoined from further investigating any alleged conduct by the Plaintiff that is unrelated to his legal authority and jurisdiction in the MSPB appeal. Further Defendant Riddle should be enjoined by this court from removing the Plaintiff as the representative of record for Pierce in said appeal. Additionally, Defendant Riddle should be removed from federal service, and at a minimum from being assigned as the Judge in the pending MSPB appeal.

COMPLAINT. - 7

23. The Plaintiff has been injured by Defendant Riddles actions in excess of any jurisdiction Riddle believes that he may be acting under. Plaintiff has been practicing before the MSPB for over 30 years and has never been subjected to such egregious conduct from any MSPB employee. Defendants have exposed Plaintiff to significant reputational harm, exposed him to invasions of his personal privacy, and have forced him to incur substantial costs and expenses to defend himself in the instant matter.

24. Other than the relief requested, there is no adequate remedy at law for the harm caused the Plaintiff and Pierce by the Defendants Ultra Vires conduct.

25. For the reasons set forth above, Plaintiff should be awarded injunctive relief should he prevail on the merits: He has suffered irreparable injury, remedies at law are inadequate to compensate for that injury, the balance of hardships warrants injunctive relief, and the public interest would not be disserved by a permanent injunction.

## **PRAYER FOR RELIEF**

WHEREFORE, judgment should be entered in favor of Plaintiff and against Defendants, jointly and severally, and the Court should grant the following relief:

a. an order and judgment setting aside the conduct statute/conduct policy declaring it invalid, arbitrary and capricious, an abuse of discretion, and otherwise not in accordance with law;

b. an order and judgment declaring Ultra Vires and setting aside all actions taken against Plaintiff pursuant to the conduct statute/conduct policy and implementation and use thereof by Defendants;

c. an order and judgment enjoining Defendants from investigating matters beyond the scope of the grant of jurisdiction; and

COMPLAINT. - 8

d. any other relief as may be just and proper.

Dated this 16th day of November 2025.

James R. Hefflin
Plaintiff

COMPLAINT. - 9